UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID PICKELHAUPT,

        Plaintiff,                  Civil Action No. 05-74660
                                            District Judge Arthur J. Tarnow
v.                                       Magistrate Judge Virginia M. Morgan

ANDREW JACKSON,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This prisoner civil rights matter comes before the court on defendant Andrew Jackson's motion to dismiss for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a). For the reasons set forth below, the court recommends that the motion be denied.

### II. Background

Plaintiff is an inmate at the Mound Correctional Facility, Detroit, Michigan. He alleges in his *pro se* complaint, filed pursuant to 42 U.S.C. § 1983, that his pay rate for his prison job was arbitrarily reduced from $ 3.34 per hour to $ 1.77 per hour and that such reduction constituted a violation of his Fourteenth Amendment right to procedural due process. He seeks declaratory relief, reinstatement of his prior pay rate, back pay, and punitive damages.

### III. Discussion

As indicated above, defendant Jackson, who is the Warden of the Mound Correctional Facility, seeks dismissal of plaintiff's complaint on the ground that he failed to exhaust his

1

administrative remedies prior to filing suit, as required under 42 U.S.C. § 1997e(a), which states the following:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted.

The exhaustion requirement of § 1997e(a) "applies to all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). The prisoner bears the burden of establishing exhaustion under § 1997e(a). Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998). In order to carry that burden, the prisoner must allege that he exhausted all available administrative remedies and must either attach documentation to his complaint showing the administrative disposition of any grievances he filed or describe the administrative proceedings and the outcome thereof with specificity. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

In order for an MDOC inmate to exhaust his administrative remedies, he must utilize the Michigan Department of Corrections' three-step grievance process. In Poor v. Grayson, 46 Fed.Appx. 825, 826, 2002 WL 31085179 *1 (6th Cir.(Mich.)),[1] the Sixth Circuit discussed this process:

> A Michigan prisoner's administrative remedies are set forth at Michigan Department of Corrections Policy Directive ("MDOC PD") No. 03.02.130 (October 11, 1999), which provides for a three-level written grievance procedure to be used after a prisoner attempts to verbally resolve an issue. At Step I, the prisoner files a grievance with the Step I grievance coordinator, who assigns

---

[1] PD No. 03.02.130 was amended after Poor v. Grayson was decided. However, the grievance process, as discussed therein, remains the same.

someone to respond.  *See* MDOC PD No. 03.02.130(T).  If the prisoner does not receive a timely response or is dissatisfied with the response at Step I, the prisoner may file a Step II appeal with the Step II grievance coordinator.  *See id.*  Likewise, if the prisoner does not receive a timely Step II response or is dissatisfied with the response, the inmate may file a Step III appeal with MDOC's Prisoner Affairs Section.  *See id.*  A prisoner may bypass Steps I and II and file a Step III grievance if the matter concerns "racial or ethnic discrimination and staff brutality or corruption."  *See* MDOC PD No. 03.02.130(II).  The prison's response at Steps I and II shall be sent to the prisoner within 15 business days, unless an extension is granted.  *See* MDOC PD No. 03.02.130(CC), (FF).  The entire process from filing a Step I grievance to the Step III response shall be completed within 90 calendar days, absent an extension.  *See* MDOC PD No. 03.02.130(V).

Jackson does not contend that plaintiff did not file a grievance regarding his pay reduction, that the allegations of the grievance were insufficient to give prison officials notice of the nature of his complaint, or that plaintiff did not see the grievance through all three steps of the MDOC grievance procedure.  Indeed, no such argument could be made, because the allegations of the complaint, together with the documents attached thereto, clearly demonstrate that plaintiff filed a grievance and that he appealed the grievance through Step III.  Rather, Jackson argues that he was not specifically identified by name in the grievance and that plaintiff has thus failed to exhaust his claim as alleged in the complaint.

It is true, as Jackson asserts, that plaintiff did not identify him as the offending party in the grievance.  He mentioned only a "Classification Director" and his work supervisor in his Step I grievance.  Jackson also correctly asserts that in order to establish exhaustion, a prisoner must, as a general matter, file a grievance against each prison official he seeks to sue. See Burton v. Jones, 321 F.3d 569, 574 (6th Cir. 2003)("[A] prisoner must administratively exhaust his or her claim as to each defendant associated with the claim").  However, the court finds that plaintiff has exhausted his administrative remedies notwithstanding his failure name defendant

3

Jackson in the grievance.

The purpose of the exhaustion requirement is to give prison officials the first opportunity to respond to and redress an inmate's complaint regarding the conditions of his confinement. See Porter, supra, 534 U.S. at 525, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). If an inmate is subjected to mistreatment at the hands of a corrections officer, such as retaliation or the use of excessive force, prison officials cannot properly respond to the inmate's grievance if the inmate does not identify the officer who subjected him to such mistreatment. Thus, the purpose of the exhaustion requirement would be defeated if an inmate failed to specifically identify the officer who inflicted such mistreatment upon him.

Here, plaintiff's claim is, in essence, against the correctional facility itself. He raises no claim that a specific corrections officer subjected him to mistreatment for which that officer should be held personally responsible. Rather, he merely alleges that he is entitled under MDOC policy to a certain pay rate for the labor he performs at the Mound facility and that his pay rate was arbitrarily reduced without advance notice or a hearing. Plaintiff clearly laid out his complaint in his Step I grievance, and in his subsequent grievance appeals. He thereby gave prison officials full and fair notice of the nature of his grievance and an opportunity to respond. Whether the Classification Director, Warden Jackson, or some other official was responsible for the pay reduction would be of little relevance to the investigation of plaintiff's grievance – either he was entitled to $ 3.34 per hour under MDOC policy or he was not. Plaintiff provided prison officials sufficient information to investigate the claim, and his naming of, or failure to name, any particular individual did not in any way interfere with the ability of corrections officials to conduct an investigation. Thus, plaintiff's Step I grievance comported with the purpose of

exhaustion requirement, notwithstanding his failure to identify in the grievance the individual against whom he has brought suit.  The court again notes that it does not appear from plaintiff's complaint that he is seeking to hold Jackson personally liable for any wrongdoing.  If plaintiff was, in fact, seeking such relief, his failure to file a grievance against Jackson would be fatal to his complaint based upon the Sixth Circuit's holding in Burton, supra.  Rather, a review of the pleadings indicates that this is, in essence, an action against the facility itself and that Jackson has been sued in his official capacity as the Warden of that facility.  Given the fact that plaintiff fully notified officials at the Mound facility of his complaint regarding his reduction in pay, the purpose of the exhaustion requirement has been satisfied.  The court concludes, based on these circumstances, that plaintiff has exhausted his administrative remedies.

In the alternative, the court would recommend that plaintiff be permitted to amend his complaint to name the "Classification Director" who reduced his pay as the defendant in this matter.  Again, plaintiff referenced the "Classification Director" in his Step I grievance and in the exhaustion allegations of his complaint, so there is no question that his claim would be exhausted as to the Classification Director.  The Michigan Attorney General, who represents Jackson in this matter, will undoubtedly attempt to argue, in reliance on Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002), that plaintiff may not be permitted to amend his complaint to cure any such defect.  The court would disagree.  In Baxter, 305 F.3d at 488, the Sixth Circuit held that "a prisoner may not amend his complaint to cure the failure to plead the exhaustion of administrative remedies[.]" This matter does not involve a failure to plead exhaustion.  Plaintiff both pleaded that he exhausted his administrative remedies and attached supporting documentation showing exhaustion.  An order permitting amendment of the complaint would

merely allow plaintiff to name as the defendant the party against whom the grievance was filed. Thus, such an order would in no way run afoul of Baxter.

### IV.  Conclusion

For the reasons stated above, the court recommends that defendant's motion to dismiss be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                           S/Virginia M. Morgan
                                           VIRGINIA M. MORGAN
Dated:  July 26, 2006               UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record via the Court's ECF System and/or U. S. Mail on July 26, 2006.

                s/Kendra Byrd
                Case Manager to
                Magistrate Judge Virginia M. Morgan