UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID PICKELHAUPT,

       Plaintiff,                    CIVIL ACTION NO. 05-74660

       v.                            DISTRICT JUDGE ARTHUR J. TARNOW

ANDREW JACKSON,                MAGISTRATE JUDGE VIRGINIA M. MORGAN

       Defendant.
_____/

## REPORT AND RECOMMENDATION

      This prisoner civil rights matter comes before the court on plaintiff's motion for a preliminary injunction. Plaintiff is currently incarcerated at the Mound Correctional Facility. He seeks an order enjoining prison officials from transferring him to another facility during the pendency of this action. Plaintiff states in his motion that "based on recent unconfirmed hearsay reports," he is "fearful" that he will be transferred to another facility and that a transfer would separate him from his legal advisor and frustrate his attempts to prosecute this action.

      Absent a showing that a constitutional violation has occurred, courts must refrain from meddling in the day-to-day operations of a correctional facility. See, e.g., Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Assuming that a transfer is imminent, plaintiff has failed to present any evidence indicating that he is being transferred for some constitutionally improper purpose. Accordingly, there is no basis for judicial intervention in this matter.

For the reasons stated above, the court recommends that plaintiff's motion for a preliminary injunction be **DENIED**.  The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                          s/Virginia M. Morgan
                                          VIRGINIA M. MORGAN
                                          UNITED STATES MAGISTRATE JUDGE

Dated: February 9, 2009

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon parties and/or counsel of record via the Court's ECF System and/or U. S. Mail on February 9, 2007.

>   s/Jane Johnson
>   Case Manager to
>   Magistrate Judge Virginia M. Morgan