UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID PICKELHAUPT

       PLAINTIFF,                             CASE NO. 05-74660

v.                                           HONORABLE ARTHUR J. TARNOW
                                                  UNITED STATES DISTRICT JUDGE

ANDREW JACKSON,

                                                  MAGISTRATE JUDGE
       DEFENDANT.                        VIRGINIA M. MORGAN
                                         /

ORDER ADOPTING THE MAGISTRATE'S REPORT AND
RECOMMENDATION [D/E # 24], DENYING PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION [D/E # 21]

      Before the Court is Plaintiff's Motion for Preliminary Injunction against the warden of Mound Correctional Facility seeking to enjoin him and his agents from transferring Pickelhaupt from the Mound Correctional Facility without prior approval of the Court. The Magistrate has issued a Report and Recommendation recommending that Plaintiff's motion be denied. Neither party filed objections. This court agrees that Plaintiff's motion should be **DENIED** for the reasons stated in the Report and Recommendation and for the reasons below.

      Plaintiff, presently proceeding *in propria persona*, argues that the transferring inmates is an "unwritten policy, custom, practice, and tradition, typically endeavor to frustrate an inmates' efforts to pursue civil litigation which could result in adverse consequences for the Department of Corrections…". Plaintiff bases his fear of transfer on both this alleged, unwritten policy and "recent unconfirmed hearsay reports" that the warden is "about to initiate an action to have him transferred to another facility." Pickelhaupt is particularly concerned about this because he believes it is an effort to separate him from his inmate legal advisor, even though the court is in the process of appointing Plaintiff a *pro bono* attorney to aid him in his case.

      In deciding whether to issue a preliminary injunction, this court must consider the following factors:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4)

whether the public interest would be served by issuance of the injunction."

*American Civil Liberties Union of Ky. V. McCreary County, Ky.*, 354 F.3d 438, 445 (6th Cir. 2003)(citation and quotation marks omitted).

Looking at the first factor, Pickelhaupt is unlikely to succeed on his claim since the injury is purely speculative and based on admittedly "unconfirmed, hearsay reports." Pickelhaupt implies that Defendant is affecting his right to access to the courts by moving him from one prison to another. However, a transfer would not necessarily hurt his ability to access the courts since Plaintiff is in the process of being appointed *pro bono* counsel who will have a reasonable time to amend the complaint if necessary.

Plaintiff also implies that the transfer might be in retaliation for his use of the courts. If the transfer was based on retaliation such a claim could be addressed through something less extraordinary than a preliminary injunction, *i.e.* through the grievance procedure followed by a suit in district court.

In terms of irreparable harm, Plaintiff will not be harmed with his legal assistance since the court is currently attempting to locate Pickelhaupt *pro bono* counsel to aid him with his case.

In terms of harm to Mound Correctional Facility, such a preliminary injunction may have an adverse affect on the facility's ability to operate because transfers often occur for legitimate reasons such as need for bed space and security reasons. This may also have an effect on the public interest as well in terms of safety.

For the reasons stated above and in the Magistrate's Report and Recommendation,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction be **DENIED WITH PREJUDICE**.

**IT IS SO ORDERED.**

                                      s/Arthur J. Tarnow
                                      Arthur J. Tarnow
                                      United States District Judge

Dated: March 2, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 2, 2007, by electronic and/or ordinary mail.

                                s/Theresa E. Taylor
                                Case Manager