**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID PICKELHAUPT,

        Plaintiff,

v.                                                Case No. 05-74660

WARDEN RAYMOND BOOKER, in his official     Honorable Arthur J. Tarnow
and individual capacities, WARDEN
ANDREW JACKSON, in his official and           Honorable Virginia M. Morgan
individual capacities, CONSTANCE BANKS,
in her official and individual capacities, and
MONTINA MALONE, former Acting
Classification Director, in her official and
individual capacities,

        Defendant.

_____/

**ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION [54];
AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT [50];**

Before the court is Magistrate Judge Morgan's report and recommendation that the defendants' motion for summary judgment be granted. Both plaintiff and defendants objected, and defendants responded to plaintiff's objections as well.

Confronted with defendants' defense of qualified immunity at the summary-judgment stage, the court must examine: (1) whether, considering the evidence in the light most favorable to the party injured, a constitutional right has been violated; and (2) whether that right was clearly established. *See Harrison v. Ash*, 2008 WL 3926790 at *4 (6th Cir. Aug. 28, 2008).

I.  Constitutional violation

        Whether there was a constitutional violation turns on whether Roby had authority to bind the state of Michigan into an employment contract with Pickelhaupt.

1

Defendants invoke *Sittler v. Bd. of Control*, 333 Mich. 681, 687 (1952), for the proposition that the state is not bound by contracts made in its behalf by its officers or agents without previous authority conferred by statute or the Constitution. In other words, defendants argue that Pickelhaupt has not come forward with statutory authority that vests the authority to enter into employment contracts in the Classification Director, Ms. Roby's position. The court rejects this argument.

At first glance, *Sittler* appears to control the outcome of this motion. In *Sittler*, the plaintiff professor had applied for a teaching position at a public college. He entered into what he thought was a binding contract with the head of the department of languages. However, before the term of his contract was complete, plaintiff was fired. The court held that the head of the languages department did not have the authority to bind the state. Rather, the defendants invoked, and the court cited, a statute that vested the power to appoint teachers with the college's "board of control." *Sittler*, 333 Mich. at 683. The court even rejected arguments apparently akin to Pickelhaupt's. Specifically, the *Sittler* plaintiff argued that it was a question of fact as to whether the authority to enter into contracts had in practice been delegated to the head of the languages department. Similarly, Pickelhaupt makes factual arguments that the Classification Director was the person who in practice determined payroll and decided prisoners' employment assignments. But *Sittler* rejected such factual arguments, holding that the powers vested by statute in the control board governing the college were not delegable.

The defendants in this case, however, have not come forward with any statute that shows that the power to enter into employment contracts with prisoners is vested solely in some entity other than the Classification Director. That is their burden on summary judgment if they argue that they are entitled to judgment as a matter of law that some express provision of law gave authority to an entity other than Ms. Roby. In their reply brief in support of their motion for

2

summary judgment, defendants say that M.C.L. § 791.203[1] contains no express authority for someone in Roby's position to bind the state. But neither does that provision vest the power to enter into employment contracts solely with the Director of the Department of Corrections.

Without a statute that expressly gives the authority in question to some entity, the court addresses the facts before it. Pickelhaupt makes a factual argument that Ms. Roby in practice determined prisoner pay. He supports this argument with citations to internal policies of the Michigan Department of Corrections. These policies place the determination of prisoner pay within the role of the Classification Director. Even defendants, in their objections to the R&R, state that the classification director decides the pay rates for individual prisoners. *See* Defs.' Obj. to R&R at 3. Construing the facts in Pickelhaupt's favor, as the court must on summary judgment, there is a genuine issue of material fact as to whether Ms. Roby had the authority to bind the state in an employment contract with Pickelhaupt.

Therefore, there is a genuine issue of material fact as to whether Pickelhaupt has a protected property interest. The court agrees with the reasoning in the report and

---

[1]MCL § 791.203 states that

> The commission shall appoint a director of corrections who shall be qualified by training and experience in penology. He shall hold office at the pleasure of the commission except that he may be removed for cause and only after a public hearing before the commission. He shall receive such salary as shall be appropriated by the legislature, together with actual and necessary traveling and other expenses. The director shall be the chief administrative officer of the commission and shall be responsible to the commission for the exercise of the powers and duties prescribed and conferred by this act, and for such other powers and duties as may be assigned by the commission, subject at all times to its control. Subject to the provisions of this act, and to the rules and regulations adopted by the commission, the *director shall have full power and authority to supervise and control the affairs of the department*, and the several bureaus thereof, and he shall carry out the orders of the commission.

(Emphasis added).

recommendation as to the adequacy of the procedures accompanying the state's deprivation of Pickelhaupt's property. There is a genuine issue of material fact as to whether Pickelhaupt received procedural due process.

II. Was the right clearly established?

The court now turns to the question of whether the right was clearly established. Both defendants and the report and recommendation reason that the disputed status of Pickelhaupt's putative property interest shows that his right to procedural due process could not have been clearly established at the time of the alleged violation.

True, whether Ms. Roby had authority to bind the state to pay Pickelhaupt the higher wage is a disputed factual issue. But because this case is on summary judgment, when the court asks whether Pickelhaupt's right was clearly established, we have to construe the facts in plaintiff's favor. Defendants can succeed on summary judgment if they can show that even if Roby had authority to bind the state, Pickelhaupt's right to procedural due process would not have been clearly established. Alternatively, defendants could argue that even if Pickelhaupt had a property interest in the higher wages, and even if, according to his version of the facts, he did not get a notice and hearing before the deprivation, the nature of the procedure due Pickelhaupt was not clearly established.

Defendants have made no such showing. As discussed, if Roby could enter into the contract with Pickelhaupt, then Pickelhaupt would have a protected property interest arising out of the express contract. The state would owe Pickelhaupt procedural due process before it could deprive him of his property. And it would have been apparent that procedural due process requires notice and a hearing *before* the deprivation is to take place. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). In other words, construing the facts in plaintiff's favor,

Pickelhaupt had a clearly established right to a pre-deprivation notice and hearing.

III. Promissory estoppel

The same factual dispute concerning Ms. Roby's authority requires the court to deny defendants' motion for summary judgment as to plaintiff's promissory-estoppel claim.

The court ADOPTS IN PART the report and recommendation as to defendants Booker and Jackson for the reasons outlined by Magistrate Judge Morgan. Accordingly, the motion for summary judgment is GRANTED as to Booker and Jackson.

But the court REJECTS IN PART the report and recommendation as to the remaining defendants, Malone and Banks. The defendants' motion for summary judgment is therefore DENIED IN PART as to Malone and Banks.

SO ORDERED.

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: September 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2008, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager